UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL ORTIZ ALVARADO,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-04972 (VC)<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Emmanuel Ortiz Alvarado is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Dkt. No. 1. Respondents filed an opposition arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231 due to his reinstated order of removal. Dkt. No. 9 at 2–3. For the reasons set forth below, the Court DENIES the habeas petition.

Petitioner is a citizen of Mexico who entered the United States sometime in 2015. *See* Dkt. No. 9-1 at 3. He was detained by United States Customs and Border Patrol ("CBP") upon entry, and he was ordered removed through expedited removal to Mexico on March 8, 2015. *Id*. CBP executed the removal the following day. *Id*. After Petitioner was removed, he reentered the United States at an unknown date and time without being inspected or paroled. *Id*. He was located by U.S. Immigration and Customs Enforcement ("ICE") on June 19, 2026, who then reinstated his prior final order of removal. *Id*. at 2.

Petitioner claims that his ongoing detention without an individualized bond hearing violates due process. *See* Dkt. No. 1 at 8 –16. However, because Petitioner is subject to a

reinstated final order of removal, the Government may detain him—at least for a period—under 8 U.S.C. § 1231(a). That statute reads: "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2) (emphasis added). The relevant statutory framework allows for mandatory detention without bond for a period of 90 days while the Attorney General attempts to remove the noncitizen. 8 U.S.C. § 1231(a)(1)(A) ("when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days"). And under section 1231(a)(5), "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date ... and the alien shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5) (emphasis added). Once the 90-day removal period has expired, the Government may continue to detain the noncitizen. *See* 8 U.S.C. § 1231(a)(6).

This statutory framework applies here. Petitioner was processed for expedited removal and removed on March 9, 2015. Dkt. No. 9-1 at 3. Then sometime after, Petitioner re-entered the United States unlawfully without admission or parole. *Id*. DHS subsequently reinstated Petitioner's order of removal on June 19, 2026. *Id*. The Supreme Court has held that, under this statutory framework, the government may detain a removable noncitizen beyond the 90-day statutory removal period, but only for so long as "reasonably necessary to secure the alien's removal." *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). The Court explained that the statute contains an implicit reasonable time limitation, which is presumptively six months, after which the noncitizen bears the burden of proving that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 682, 701. Because it has not been more than six months since Petitioner's order of removal was reinstated on June 19, 2026, any such claim under *Zadvydas* would be premature. Thus, the Court finds that Petitioner's detention during this presumptively reasonable six-month period is lawful.

Further, even if Petitioner claims to be pursuing a visa, (*see* Dkt. No. 14 at 9), he has not argued that this somehow renders his order of removal non-final. As there is a final order of

removal in place here, his detention is controlled by § 1231(a), and presumptively reasonably at this time.

Accordingly, the Petition for writ of habeas corpus is DENIED and the Court's order prohibiting Petitioner's transfer out of the District is vacated (Dkt. No. 8).

**IT IS SO ORDERED.**

Dated: September 25, 2026

VINCE CHHABRIA
United States District Judge